UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                         CASE NO. 4:14CV634-JM

$1,789,520.00 IN U.S. CURRENCY                                                              DEFENDANT

## ANSWER TO VERIFIED COMPLAINT

Comes now Walda Luna, Claimant in the above-styled matter ("Claimant"), pursuant to a Claim and Amended Claim for the Currency at issue filed with this Honorable Court on December 2, 2014 as well as a Claim for the Currency filed with this Honorable Court on November 26, 2015, and in support of her Answer to the Verified Complaint of the United States of America filed in the instant matter on October 28, 2014 ("Complaint"), states as follows.

1.  Claimant admits the allegations contained in paragraph 1 of the Complaint.

2.  Claimant admits the allegations contained in paragraph 2 of the Complaint.

3.  Without in any way explicitly or implicitly admitting that the Complaint was timely filed pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations), Claimant otherwise admits the allegations contained in paragraph 3 of the Complaint.

4.  Without in any way explicitly or implicitly admitting that the Complaint was timely filed pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations), Claimant otherwise admits the allegations contained in paragraph 4 of the Complaint.

5. Without in any way explicitly or implicitly admitting that the Complaint is was timely filed pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations), Claimant otherwise admits the allegations contained in the first sentence of paragraph 5 of the Complaint. Claimant lacks sufficient information to admit or deny the allegations contained in the last two sentences of paragraph 5 of the Complaint, and therefore denies said allegations.

6. Claimant denies the allegations contained in paragraph 6 of the Complaint.

7. Without in any way explicitly or implicitly admitting the constitutionality or legality of the traffic stop alleged in paragraph 7 of the Complaint, Claimant otherwise admits the allegations contained in paragraph 7 of the Complaint.

8. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies said allegations.

9. Claimant denies the allegations contained in paragraph 9 of the Complaint that the use of a single key in a car ignition and conflicting stories from a driver of and passenger in a car regarding their travel plans constitute indicators of narcotics trafficking. Claimant further denies the allegations contained in paragraph 9 of the Complaint that when Trooper Chase Melder ("Trooper Melder") approached the car she and Ruano provided conflicting stories regarding their travel plans. Finally, Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint that when Trooper Melder approached the car, he noticed the use of a single key in the ignition, and therefore denies said allegations.

10. Claimant denies the allegations contained in paragraph 10 of the Complaint.

11.     Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in paragraph 11 of the Complaint.

12.     Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in paragraph 12 of the Complaint that Trooper Melder began searching the vehicle on the side of the highway, but moved the search to the Sheriff's office after finding a bundle of an undetermined amount of U.S. Currency inside of a pillow located in the front passenger seat where Claimant was sitting.  However, because the adjective "large" is somewhat amorphous and subjective in meaning, Claimant denies the allegation contained in paragraph 12 of the Complaint that said bundle of U.S. Currency located inside of the pillow was large.

13. Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in the first sentence of paragraph 13 of the Complaint. Claimant denies the allegations contained in the second sentence of paragraph 13 of the Complaint. Also, without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in the final sentence of paragraph 13 of the Complaint that a subsequent search revealed that the safe contained four bundles of an undetermined amount of U.S. Currency. However, because the adjective "large" is somewhat amorphous and subjective in meaning, Claimant denies the allegation contained in the final sentence of paragraph 13 of the Complaint that said bundles of U.S. Currency located inside of the safe were large. Furthermore, Claimant denies the allegation contained in the final sentence of paragraph 13 of the Complaint that said bundles of U.S. Currency were "wrapped in duct tape". Instead, pleading

affirmatively, Claimant alleges that said bundles of U.S. Currency were inside a plastic bag that was wrapped in duct tape.

14. Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, and while Claimant admits the allegations contained in the first sentence of paragraph 14 of the Complaint that officers located two other bundles of an undetermined amount of U.S. currency, Claimant denies the allegation contained in the first sentence of paragraph 14 of the Complaint that said bundles of U.S. currency were located inside of a trash can box. Furthermore, because the adjective "large" is somewhat amorphous and subjective in meaning, Claimant denies the allegation contained in the first sentence of paragraph 14 of the Complaint that said bundles of U.S. Currency were large. Finally, Claimant lacks sufficient information to admit or deny the allegations contained in the final sentence of paragraph 14 of the Complaint, and therefore denies said allegations.

15. Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and

5

Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in paragraph 15 of the Complaint that officers also discovered three bundles of an undetermined amount of U.S. currency inside a Ninja Blender box. However, because the adjective "large" is somewhat amorphous and subjective in meaning, Claimant denies the allegation contained in paragraph 15 of the Complaint that said bundles of U.S. Currency were large. Furthermore, Claimant denies the allegation contained in paragraph 15 of the Complaint that said bundles of U.S. Currency were "duct taped". Instead, pleading affirmatively, Claimant alleges that said bundles of U.S. Currency were inside a plastic bag that was wrapped in duct tape.

16. Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits that officers located loose U.S. currency inside a purse containing Claimant's North Carolina driver's license. However, Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint that the exact amount of said loose currency was $3,520.00, and therefore denies said allegations.

17. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore denies said allegations.

6

18. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore denies said allegations.

19. Without in any way waiving any claims she may have that Trooper Melder's stop and search of the vehicle in which Claimant was traveling (as well as his ensuing discussions with Claimant and Perfecto Ruano) were not based on probable cause or reasonable suspicion, or in any way waiving any claims she may have that his stop and search of said vehicle (as well as his ensuing discussions with Claimant and Perfecto Ruano) violated the Fourth Amendment to the United States Constitution or other pertinent constitutional provisions, Claimant admits the allegations contained in paragraph 19 of the Complaint that law enforcement seized the money and interviewed Ruano and Claimant about the seized currency. However, Claimant lacks sufficient information to admit or deny the allegations contained in the final sentence of paragraph 19 of the Complaint and therefore denies said allegations.

20. Claimant denies the allegations contained in paragraph 20 of the Complaint.

21. Claimant admits the allegations contained in paragraph 21 of the Complaint.

22. Claimant admits the allegations contained in paragraph 22 of the Complaint.

23. Claimant admits the allegations contained in paragraph 23 of the Complaint.

24. Claimant admits the allegations contained in the first sentence of paragraph 24 of the Complaint. Claimant denies the allegations contained in the second

sentence of paragraph 24 of the Complaint that she said that approximately $1 million was from her business, "Beverly Jewelry", as she also cited other sources for that money beyond that particular business. Claimant further denies the allegations contained in the second sentence of paragraph 24 of the Complaint that she said that the rest of the money was from Ruano's trucking business. Claimant lacks sufficient information to admit or deny the allegations contained in the final sentence of paragraph 24, of the Complaint and therefore denies said allegations.

25. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore denies said allegations.

26. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint, and therefore denies said allegations.

27. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint, and therefore denies said allegations.

28. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint, and therefore denies said allegations.

29. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

30. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint, and therefore denies said allegations.

31. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore denies said allegations.

32. Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore denies said allegations.

33.     Claimant lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore denies said allegations.

34.     Without in any way admitting any of the actual or implied factual allegations contained in paragraph 34 of the Complaint regarding the drug dog alert, the manner of packaging of the money, the inconsistent stories, and "other factors", Claimant denies that the alleged dog alert, the alleged manner of packaging of the money, and the alleged inconsistent stories, among other factors, indicate that the Defendant Currency is drug money.

35.     Claimant denies that any of the actions or relief requested in the concluding paragraph of the Complaint should be taken or granted, and instead requests that this Honorable Court enter an Order dismissing the Complaint with prejudice and requiring the United States to return the U.S. currency at issue in said Complaint to Claimant.

AFFIRMATIVE DEFENSES

36.     The Complaint is untimely pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations) because the extension of time for the United States to file said Complaint, granted by this Honorable Court on October 10, 2014, was not based on "good cause shown" or "agreement of the parties" as required by 18 U.S.C. § 983(a)(3)(A) (or any comparable and/or similar forfeiture statute).  Therefore the Complaint in the instant matter, explicitly relying on such a grant, is untimely pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations).

37. The Complaint, which was just recently re-served on Claimant by the United States Marshal's Office and therefore effectively re-filed within the past month, is untimely pursuant to 18 U.S.C. § 983(a)(3)(A) and (B) (or any comparable and/or similar forfeiture statute or statute of limitations).

38. The initial traffic stop leading to the seizure of the currency at issue in the Complaint was not based in any way on reasonable suspicion, probable cause or any similar-type standard that would constitutionally justify said initial stop. As a result, said traffic stop, as well as any ensuing discussion or activities by or between law enforcement officers and Claimant or Perfecto Ruano (including any vehicle search), violated the Fourth Amendment to the United States Constitution and other pertinent constitutional provisions. Therefore, any and all evidence obtained or discovered subsequent to said traffic stop should be suppressed from any consideration at the final trial of the instant matter pursuant to the Fourth Amendment to the United States Constitution and other pertinent constitutional provisions. Without any such evidence to present to this Honorable Court in support of the Complaint, there is insufficient evidence to support a forfeiture of the currency at issue in the Complaint pursuant to 18 U.S.C. § 983(c) (or any comparable and/or similar forfeiture statute). Therefore, the Complaint should be dismissed with prejudice.

39. Alternatively, even if the initial traffic stop of the vehicle in which Claimant was riding was constitutionally legitimate, events occurring subsequent to said initial traffic stop did not create a further, necessary reasonable suspicion, probable cause, just cause, or any other constitutionally required reason to begin or continue any law enforcement activities or questioning of Claimant or Perfecto Ruano (including any

vehicle search), and therefore did not form any constitutionally permissible basis for searching the vehicle in which Claimant was a passenger.  For these reasons, any and all evidence obtained or discovered as a result of any such activities, questioning, or vehicle search should be suppressed from any consideration at the final trial of this matter pursuant to the Fourth Amendment to the United States Constitution and other pertinent constitutional provisions.  Without any such evidence to present to this Honorable Court in support of the Complaint, there is insufficient evidence to support a forfeiture of the currency at issue in the Complaint pursuant to 18 U.S.C. § 983(c) (or any comparable and/or similar forfeiture statute).  Therefore, the Complaint should be dismissed with prejudice.

40. Claimant specifically pleads the common law unclean hands doctrine as an affirmative defense to the Complaint.

### REQUEST FOR JURY TRIAL

39. Claimant requests a jury trial of the instant action.  *C.J. Henry Company v. Moore*, 318 U.S. 133, 153 (1943).  *U.S. v. One Lincoln Navigator*, 328 F.3d 1011, 1014, fn. 2 (8th Cir. 2003).

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　*/s/* Carl Bush
　　　　　　　　　　　　　　　　　　Carl Bush
　　　　　　　　　　　　　　　　　　Attorney for Claimant Walda Luna
　　　　　　　　　　　　　　　　　　Arkansas Bar # 90061
　　　　　　　　　　　　　　　　　　227 North Greenwood Avenue
　　　　　　　　　　　　　　　　　　Fort Smith, Arkansas 72901
　　　　　　　　　　　　　　　　　　(479) 242-2292
　　　　　　　　　　　　　　　　　　e-mail:  carl@carlbush.com

## CERTIFICATE OF SERVICE

I, Carl Bush, hereby certify that on this 26th day of November 2015, I electronically filed the foregoing Answer to Verified Complaint with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following: Assistant U.S. Attorney Cameron C. McCree. I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants: None.

/s/ Carl Bush